IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW E. STARR, | § | |
| | § | No. 613, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1208019109 |
| | § | 1209018395 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 5, 2015
Decided: March 2, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 2nd day of March 2015, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On March 8, 2013, the appellant, Matthew E. Starr, pled guilty to Rape in the Second Degree (as a lesser-included offense), Continuous Sexual Abuse of a Child, and Breach of Conditions of Release. Starr was immediately sentenced to a total of fifty-five years at Level V suspended after fifteen years and successful completion of the Level V Family Problems program for one year at Level IV and twenty years of probation.

On March 30, 2013, Starr filed a motion for reduction of sentence, which the Superior Court denied on April 15, 2013.

(2) On June 21, 2013, Starr filed a motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Starr alleged overlapping claims that he was coerced into pleading guilty, that his trial counsel (hereinafter "Trial Counsel") was ineffective, and that there was insufficient evidence of rape. Counsel was appointed to represent Starr (hereinafter "Postconviction Counsel").

(3) On November 26, 2013, Postconviction Counsel filed a motion to withdraw under Rule 61(e)(2) addressing Starr's postconviction claims and representing that the claims were without merit and devoid of any issues that Postconviction Counsel could ethically advocate. Starr responded to Postconviction Counsel's Rule 61(e)(2) submission, raising additional overlapping claims of ineffective assistance of counsel and involuntary guilty plea including that he was not competent to understand the proceedings and not competent to enter into any form of plea agreement with the State.

(4) On February 28, 2014, Postconviction Counsel filed an amended motion to withdraw addressing Starr's supplemental claims and representing that the claims were without merit and devoid of any issues that

2

Postconviction Counsel could ethically advocate. On April 3, 2014, Trial Counsel filed an affidavit disputing Starr's allegations of ineffective assistance of counsel.

(5) In a thorough and well-reasoned decision dated October 29, 2014, the Superior Court denied Starr's postconviction motion as procedurally barred and without merit.[1] The court denied Postconviction Counsel's motion to withdraw as moot.[2] When denying postconviction relief, the court found, in part:

> Defendant's plea process was thoughtful and thorough. Much time was spent with him insuring he understood every aspect of the case against him and what the guilty plea would mean for him. After the fact, he spews forth numerous claims, apparently hoping the sheer number of assertions will get him somewhere. The claims are conclusory and insubstantial. It was reasonable for him to plead guilty to the three charges and significantly limit his jail time rather than risk being tried on 11 sex charges involving a child, be convicted thereon, and be sentenced to several life sentences plus more. Because of the nature of the charges against him and the evidence against him, defendant is incapable of showing that the outcome of his case could have been better than it was if he had not pled guilty. His ineffective assistance of counsel claims fail.[3]
>
> * * *

---

[1] *State v. Starr*, 2014 WL 6673914 (Del. Super. Oct. 29, 2014).

[2] *Id.*, at **1, 10.

[3] *Id.*, at *9.

3

Defendant's guilty plea constitutes a waiver of all constitutional trial rights and the right to challenge any alleged violations of his constitutional rights or to challenge any of the evidence that would have been presented against him at trial or, in other words, to raise any errors or defects preceding the entry of the plea. Thus, defendant waived the foregoing claims and/or the ability to pursue arguments regarding the foregoing by pleading guilty.[4]

(6) This appeal is from the Superior Court's denial of Starr's motion for postconviction relief. On appeal, Postconviction Counsel has filed a brief and a motion to withdraw under to Supreme Court Rule 26(c).[5] Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel also reports that Starr did not submit any points for the Court's consideration. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment.

(7) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for

---

[4] *Id.*, at *10 (citation omitted).

[5] *See* Del. Supr. Ct. R. 26(c) (governing appeals without merit).

4

arguable claims.[6] The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[7]

(8)   In this case, having conducted "a full examination of all the proceedings" and found no nonfrivolous issue for appeal,"[8] the Court concludes that the appeal is "wholly without merit."[9]   Also, the Court is satisfied that Postconviction Counsel made a conscientious effort to examine the record and the law and properly determined that Starr could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.   The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[7] *Penson v. Ohio*, 488 U.S. at 81.

[8] *Id.* at 80.

[9] *See supra* note 4.